**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001217
23-OCT-2015
07:54 AM**

NO. CAAP-14-0001217

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JAMAL MCGHEE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(1DCW-14-0002729)

SUMMARY DISPOSITION ORDER
(By: Fujise and Reifurth, JJ.,
with Nakamura, C.J., dissenting.)

Defendant-Appellant Jamal McGhee (McGhee) timely appeals from the October 13, 2014 Notice of Entry of Judgment and/or Order entered by District Court of the First Circuit Honolulu Division (District Court),[1] convicting him of Terroristic Threatening in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 707-717(1) (2014).[2]

On appeal, McGhee argues as his sole point on appeal that the District Court plainly erred when it admitted the Complaining Witness's (CW) statement to police into evidence during closing argument.

---

[1] The Honorable Linda K.C. Luke presided.

[2] HRS § 707-717 states "(1) A person commits the offense of terroristic threatening in the second degree if the person commits terroristic threatening other than as provided in section 707-716. (2) terroristic threatening in the second degree is a misdemeanor." (block format altered).

McGhee was also charged with Harassment in violation of HRS § 711-1106(1)(a) (2014) but the charge was dismissed on the State's motion.

After a careful review of the issue raised and the arguments made by the parties, the applicable authority, and the record, we resolve McGhee's point on appeal as follows and affirm.

Taking the District Court's actions in context, we are not convinced that the court admitted the subject statement into evidence, or if it did so, that the error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings," or that it is necessary to correct the error "to serve the ends of justice, and to prevent the denial of fundamental rights." See State v. Nichols, 111 Hawai'i 327, 334, 141 P.3d 974, 981 (2006) (quoting State v. Sawyer, 88 Hawai'i 325, 330, 966 P.2d 637, 642 (1998)).

The evidence at trial consisted of the testimony of the CW for the prosecution, who testified that she felt "threatened" by McGhee's "screaming and swearing and cursing" directed at everyone present and threats directed at her personally that he could "kill" her and "beat [her] up." On cross-examination, the CW was asked whether, on the night in question, she felt "threatened and afraid," to which she responded, "Mn-hmm" and whether it was true she just testified that it was "okay for you to go outside and be calm and try to calm [McGhee] down," to which she affirmed, "I guess." McGhee, as the sole witness for the defense, testified that while he was present at CW's business on the night in question, he did not see the CW until after the police arrived and did not yell.

In closing argument, both counsel presented argument in support of their respective witnesses and against the opposing witnesses' credibility. Relevant to the issue on appeal, defense counsel argued,

> And I don't think there's no risk of threatening if [CW] feels like she can go outside and calm the situation down. As she stated herself, she was not afraid at that time and she could go outside.

In rebuttal, the State's attorney argued,

> [Prosecutor]: Your Honor, I -- I think I just, in candor to the Court, given what the defense argument has been as far as to the afraid [sic], I do need to point out although this wasn't raised as evidence in this case, out of fairness to the defendant I believe I do need to point it

2

out. Defense did start to impeach the witness with, as she stated previously, that she was afraid. I believe what they were referring to was a portion of the written 252 that the witness was not confronted with.

I'm not going to raise that argument that she -- that is not part of the evidence in this case, I don't have a problem with the Court considering that that was included in the 252. I just put that out there in fairness to the defense. Nonetheless, the State would still argue that the witness be found credible.

THE COURT: So your representation in the 252 --

[Prosecutor]: the 2 -- in the 252 there was a statement that I was afraid. However, the State is urging the Court to find that her testimony in court is credible. I feel it just as important to point out because I know that the defense started asking about that but didn't finish laying the foundation for it. So just out of fairness, I just think it's appropriate to note that for the Court.

THE COURT: And the portion of the 252 is that the CW was afraid?

[Prosecutor]: Correct, Your Honor, if I could just read the portion for the Court?

THE COURT: [Defense Counsel]?

[Defense Counsel]: Yes, Your Honor.

THE COURT: May he read it?

[Defense Counsel]: Yes, Your Honor.

[Prosecutor]: It reads: At the time I was afraid and call the police. The tense is incorrect in that.

The District Court immediately rendered its verdict.

While ill-advised, the offer by the prosecution was not, in context, an offer to introduce evidence, as the statement contradicted the testimony of the CW who testified that she felt threatened but went out to meet McGhee because he was threatening others and she felt that she could calm him down. Rather, it appears that the prosecutor, in an abundance of caution, wanted to disclose that, consistent with the defense's cross-examination, the CW had previously made a statement that was arguably inconsistent with her direct examination testimony. The District Court did not rule that the single sentence read from the CW's 252 was admitted into evidence and did not mention it further. Thus, taking the exchange in context, it does not appear the statement was admitted or meant to be treated as evidence.

Moreover, even if it was, the substance of the statement was not relevant to the issues at trial. The crime of Terroristic Threatening does not require proof that the victim was actually placed in fear by the statements of the defendant. State v. Chung, 75 Haw. 398, 413, 862 P.2d 1063, 1071 (1993) ("Actual terrorization is not a material element of the offense of terroristic threatening." quoting State v. Nakachi, 7 Haw. App. 28, 32, 742 P.2d 388, 391 (1987)). Moreover, the subject statement could not have contributed to the conviction as, based on the examination and cross-examination of the CW, the District Court was already aware that the CW acknowledged feeling threatened and afraid and she nevertheless went out to meet McGhee. The fact that the CW gave a statement that she called the police because she was afraid did not add to her credibility and arguably detracted from it, insofar as she vacillated between her stated reasons for calling the police. Therefore, any error committed by hearing the subject statement was harmless.

Therefore, the October 13, 2014 Notice of Entry of Judgment and/or Order entered by District Court of the First Circuit Honolulu Division is affirmed.

DATED: Honolulu, Hawai'i, October 23, 2015.

On the briefs:

William H. Jameson,
Deputy Public Defender,
for Defendant-Appellant.

Associate Judge

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

4